UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50118-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | CONTINUANCE |
| | ) | |
| LUIS OLIVARES, | ) | |
| TRAVIS BRANDIS, | ) | |
| PRECIOUS BARTLETT, | ) | |
| ETHEL THUNDER HAWK, a/k/a | ) | |
| SUGAR, a/k/a ETHEL | ) | |
| THUNDERHAWK, | ) | |
| DEB DILLON, | ) | |
| CLAUDETTE LONG SOLDIER, | ) | |
| DEREK PETERS, | ) | |
| ROBERT GAY, | ) | |
| GERALD LONG SOLDIER, | ) | |
| CALEB BRACHA, a/k/a GHOST, | ) | |
| and COURTNEY KROGMAN, | ) | |
| | ) | |
| Defendants. | ) | |

Trial in the above-captioned case currently is scheduled to begin on July 26, 2011. (Docket 299). Defendant Caleb Bracha moves the court to continue all the deadlines set in the case. (Docket 337). Defendants Courtney Krogman, Deb Dillon, and Travis Brandis filed objections to the motion, indicating they do not consent to waive their rights to speedy trials under the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (Docket 341, 346, & 350). The government does not oppose a continuance. (Docket 353).

The court first notes "Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citation and internal quotation marks omitted). Accordingly, the court shall address each challenge in turn.

A defendant's Sixth Amendment right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' " United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009)

(quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)).  The Sixth Amendment does not specify a time limit in which an accused must be brought to trial.  See U.S. Const. amend. VI.

Because of the "vague" nature of this right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]"  Barker v. Wingo, 407 U.S. 514, 522 (1972).  To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed."  Id. at 530.  These factors are the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial, and the prejudice to the defendant.  Id.  Because the "length of the delay is to some extent a triggering mechanism[,]" courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]"  Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted).  However, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."  Barker, 407 U.S. at 530-31.

The government filed an indictment against Mr. Brandis on December 21, 2010.  (Docket 10).  The government filed a superseding indictment against Mr. Brandis, Ms. Dillon, Mr. Krogman, and their co-defendants on January 19, 2011.[1]

---

[1] In this case, defendants' Sixth Amendment rights attached at the time of the filing of the charging documents as their arrests came later.

2

(Docket 22).  If the court grants Mr. Bracha's continuance motion, trial will be set to begin on September 20, 2011.

The court finds the nine-month delay for Mr. Brandis and eight-month delay for Ms. Dillon and Mr. Krogman are not presumptively prejudicial.  See Chahia, 544 F.3d at 899 (a delay of six and one-half months is not presumptively prejudicial); United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2005) (a delay of approximately seven months is not presumptively prejudicial); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (a delay of eight months was not presumptively prejudicial); United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003) (a delay of five months is not presumptively prejudicial); cf. Williams, 557 F.3d at 949 (a delay of sixteen months was presumptively prejudicial); United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008) (a delay of fifteen months was presumptively prejudicial); Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992) (a delay approaching one year may meet the threshold for presumptively prejudicial delay).

In support of this finding, the court notes the case is not a relatively simple one involving only one or even a few defendants.  Rather, this case involves sixteen co-defendants accused of participating in a drug conspiracy.  See Barker, 407 U.S. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.").  Mr. Bracha filed the motion to continue because he made his initial appearance on June 3, 2011, and obtained court-appointed counsel on June 9, 2011.  (Dockets 294 & 337).  Counsel for Mr. Bracha represented he required additional time to review discovery and requested a 60-day continuance to do so.  (Docket 337).  From other filings in the record, the court knows discovery in this case is voluminous.  The court finds an additional two-month delay in bringing defendants to trial is reasonable given the particular circumstances of this case.

Finally, as discussed further below, severance is inappropriate, and eleven co-defendants are scheduled to be tried together. Joinder in this case is reasonable and necessary to ensure judicial economy. Therefore, a continuance for one defendant results in a continuance for the remaining co-defendants. See United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006) ("In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.") (citations and internal quotation marks omitted); Chahia, 544 F.3d at 898-99 (finding the six and one-half month delay was not presumptively prejudicial when the case involved nine co-defendants accused of participating in a drug conspiracy, discovery remained to be produced, some co-defendants had not made their initial appearances, and the charges against the defendants arose from the same facts and circumstances, necessitating joinder of trial). Because the court finds the delay in bringing Mr. Brandis, Ms. Dillon, Mr. Krogman, and their co-defendants to trial is not presumptively prejudicial, the court need not inquire further. At this time, the court finds no violation of the defendants' Sixth Amendment rights to speedy trial.

The Speedy Trial Act requires a defendant to be brought to trial within 70 days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1); Williams, 557 F.3d at 950. However, the Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). One such period of excludable delay is "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). " '[W]hen a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the

4

speedy trial clock of the newly added codefendant.'" United States v. Jenkins-Watts, 574 F.3d 950, 966 (8th Cir. 2009) (quoting United States v. Lightfoot, 483 F.3d 876, 885-86 (8th Cir. 2007)).

Pursuant to § 3161(h)(7)(A), the court finds the ends of justice served by continuing the trial outweigh the best interests of the public and the defendants in a speedy trial. Mr. Bracha and his counsel require sufficient time to review discovery, file pretrial motions, and prepare for trial. A 60-day continuance of the trial is reasonable and necessary given the voluminous discovery and seriousness and complexity of the case.

In the interests of completeness, the court addresses one further matter not raised specifically by the parties, but clearly relevant to this discussion. There is a clear preference for a joint trial of persons charged in a conspiracy. Ruiz, 446 F.3d at 772; see also United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted). This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (citation and internal quotation marks omitted); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling.") (citations and internal quotation marks omitted).

5

The court finds the inconvenience and expense of separate trials clearly outweigh any prejudice to defendants in joinder.  As previously explained, joinder will not violate the constitutional and statutory rights of Mr. Brandis, Ms. Dillon, and Mr. Krogman to speedy trials.  Further, Mr. Brandis and Ms. Dillon currently are on pretrial release.  (Docket 221, 256, & 371).  This fact substantially lessens the prejudice to them caused by a continuance of their trials.  Finally, on April 6, 2011, in an unrelated case, the court sentenced Mr. Krogman to eleven months imprisonment.  (CR. 08-50044, Docket 63).  In light of this reality, the court cannot see how the prejudice to Mr. Krogman is substantial enough to outweigh the clear preference for joinder.  The court finds no compelling justification under either the Sixth Amendment or the Speedy Trial Act to warrant severance at this point.[2]

In accord with the above discussion, the court overrules the objections to Mr. Bracha's motion to continue.  Good cause appearing, it is hereby

ORDERED that Mr. Bracha's amended motion to continue (Docket 337) is granted, and the following deadlines shall apply to all parties:

| | |
|---|---|
| Suppression/voluntariness motions | August 9, 2011 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for suppression hearing | August 9, 2011 |
| Suppression/voluntariness hearing before Magistrate Judge Veronica L. Duffy | If necessary, shall be held before August 23, 2011 |
| Applications for Writ of Habeas Corpus Ad Testificandum | August 30, 2011 |
| Other motions | September 6, 2011 |

---

[2]On July 11, 2011, Mr. Brandis filed a motion to sever that is unrelated to his objections to Mr. Bracha's motion to continue.  (Docket 378).  The court expresses no opinion on the merits of Mr. Brandis' motion to sever.

6

| Responses to motions due | Within seven days after motion is filed |
|---|---|
| Subpoenas for trial | September 6, 2011 |
| Plea agreement or petition to plead and statement of factual basis | September 6, 2011 |
| Notify court of status of case | September 6, 2011 |
| Motions *in limine* | September 13, 2011 |
| Proposed jury instructions due | September 13, 2011 |
| Pretrial conference | Monday, September 19, 2011, at 8:30 a.m. |
| Jury trial | Tuesday, September 20, 2011, at 9 a.m. |

The period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

Defense counsel must file with the clerk within fourteen (14) days of this order a written consent to the continuance and waiver of the Speedy Trial Act signed by each non-objecting defendant.

All other provisions of the court's scheduling and case management order (Docket 219) remain in effect unless specifically changed herein.

Dated July 15, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE